IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § § | CASE NO. 6:14-CR-69-JDK |
| JESSE LEON CHRISTIAN (1) | § § § § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On January 31, 2022, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Jim Noble. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Mailing a Threatening Communication, a Class C felony, Defendant Jesse Leon Christian was sentenced on May 7, 2015 by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of VI, was 24 to 30 months. Defendant was sentenced to 24 months of imprisonment, followed by a 3-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure, testing and treatment for drug abuse, restrictions from pornography and a condition for search/seizure.

The case was re-assigned to United States District Judge Jeremy D. Kernodle on February 26, 2019. Defendant's conditions of release were modified on February 27, 2019 to include a

1

condition to reside in a residential reentry center and a condition to comply with sex offender treatment and testing.  Defendant completed his term of imprisonment and started his term of supervised release on April 12, 2021.  Defendant's conditions of release were again modified on April 18, 2019 to include a condition to comply with mental health treatment and medication.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on June 3, 2019, United States Probation Officer Ashley McKinney alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 6): The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.**  It is alleged that Defendant failed to comply with the Sex Offender Registration and Notification Act as directed by the probation officer by failing to update his residence with the state registering authority as required after leaving the residential reentry facility on May 24, 2019.

2. **Allegation 2 (standard condition 6):  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**  It is alleged that Defendant failed to notify the probation officer of his change of address as instructed upon leaving the residential reentry facility on May 24, 2019 and his whereabouts are unknown to the probation officer.

3. **Allegation 3 (special condition):  The defendant must reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days, to begin immediately upon release on April 14, 2019, and must observe the rules of that facility.  Should the defendant obtain a residence approved by the probation officer during the 180-day placement, he must be released.  The subsistence requirement shall be waived while at the center and the defendant shall be required to save at least 25% of his gross income for the purpose of securing a personal residence.**  It is alleged that Defendant was unsuccessfully discharged from the residential reentry center in Tyler, Texas on May 24, 2019 for failing to comply with facility rules.  Facility staff reported that Defendant failed to return to the facility as required and his whereabouts were unknown.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The guidelines provide that Defendant's guideline range for a Grade C violation is 8 to 14 months of imprisonment.

*Hearing*

On January 31, 2022, Defendant appeared for a final revocation hearing. Assistant United States Attorney Jim Noble announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegations 2 and 3 of the petition and to jointly request a sentence of 9 months of imprisonment followed by 2 years of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

and entered a plea of "true" to Allegations 2 and 3 of the petition. Defendant requested a recommendation for designation at USP Tucson.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegations 2 and 3 of the petition are true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 9 months of imprisonment followed by 2 years of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegations 2 and 3 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 9 months of imprisonment followed by 2 years of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to 9 months of imprisonment followed by 2 years of supervised release.

So ORDERED and SIGNED this 31st day of January, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE